UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY MATHIS,

        Plaintiff,                      CIVIL ACTION NO. 06-13837

        v.                                 DISTRICT JUDGE GEORGE CARAM STEEH

ENCOMPASS INSURANCE           MAGISTRATE JUDGE VIRGINIA MORGAN
COMPANY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on the motion of the plaintiff for a trial by jury. Defendant opposes the motion. Defendant removed case from Genesee County Circuit Court on August 28, 2006. Plaintiff failed to demand a jury trial. Plaintiff now seeks to try the case before a jury. For the reasons discussed in this Report, it is recommended that the plaintiff's motion for trial by jury be denied, and the case proceed before the court for a bench trial.[1]

This suit for underinsured motorist coverage arises out of a motor vehicle accident which occurred on August 25, 2005. Plaintiff alleges that he suffered injuries in the accident, including fractured tibia, fibula, patella and ankle, and as a result, he cannot work. Plaintiff, recovered

---

[1]The motion was referred to the undersigned for hearing and determination. (Order of Reference, D/E 29). The determination of whether to grant a jury trial here is a discretionary one for the trial court. So as to accomplish the underlying policy of Fed.R.Civ.P. 39, a Report and Recommendation is filed instead of an order.

- 1 -

from the tortfeaser's insurance carrier, and now seeks additional monies as underinsured motorist coverage from his own insurer, the defendant.  The issue at trial is whether plaintiff's injuries are severe enough to be compensated under defendant's underinsured motorist coverage.

The right to a trial by jury is grounded in the Seventh Amendment of the United States Constitution.  Procedurally, trials in federal courts are governed by Fed. R. Civ. P. 38 and 39.  Rule 38 governs the filing of a jury demand.  Under Rule 38, a party's failure to timely file generally operates as a waiver of its right to a jury trial.  Rule 38(a) states, in part, "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."  Rule 38(b) states, "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury.  A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."  Under Rule 39(b), the court can order a jury trial.  In relevant part, Rule 39(b) states, "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."  Plaintiff relies on Rule 39, noting that a district court in its discretion and upon motion may order a jury trial as to any issue even if the motion is late.  *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987).  Defendant relies on *Sewell v. Jefferson County Fiscal Court,* 863 F.2d 461 (6th Cir. 1988), where the court denied a trial by jury.  Although a court has discretion, the rule does not provide

an absolute right to a jury if a plaintiff fails to file a timely demand.  Generally, a district court does not abuse its discretion by denying a Rule 39(b) motion if the only justification for delay is "mere inadvertence."

Plaintiff argues that the motion for jury trial should be granted.  *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987).  Plaintiff contends that the Sixth Circuit strongly favors granting Rule 39(b) motions and has held that district courts have broad discretion in favor of granting a jury trial.  In *Kitchen,* plaintiff demanded a jury trial on some of the claims.  The district court allowed plaintiff to add a jury demand on additional claims, noting that conclusory statements of prejudice were not enough; the defendant must convince the court of discernable prejudice.  The court ruled that the defendant's preparation for bench trial on some of the claims did not qualify as prejudice great enough to deny the motion for trial by jury.  Although the instant motion comes after the close of discovery, plaintiff contends that the delayed filing was substantially the result of defendant's refusal to respond to plaintiff's desire for a jury trial.

Plaintiff's counsel raises a number of issues related to the client's right to a jury trial, and the impact a denial will have on the attorney-client relationship.  Plaintiff also contends that his failure to initially file a timely demand was due to the dissolution of his law firm.  Plaintiff also argues that the issues presented in this case are predominantly factual, not legal; and therefore are within the traditional province of the jury.

Defendant argues that granting the plaintiff's motion for trial by jury would be of discernable prejudice to the defendant.  Defendant argues plaintiff has failed to timely file a

demand for jury trial pursuant to Fed. R. Civ. P. 38(b) and he has effectively waived the right to a jury trial in accordance with Rule 38(d). Defendant argues that *Kitchen* is distinguishable from the case at hand. Plaintiff in *Kitchen* had made a demand for a jury, but only as to certain claims and issues. The court granted the motion for jury trial so as to try all parts of the case to the jury. Nowhere in *Kitchen* did the Court hold that plaintiffs would have been entitled to a jury trial if they never filed a jury demand to begin with. In addition, defendant denies that his conduct caused any delay in filing the motion trial. Defendant points to his letter of October 5, 2006 which states, "If my client does desire a jury I will contact you to discuss a proposed Stipulation in this regard should your client also wish a jury trial. " Defendant's client did not desire a trial by jury, so no further correspondence was provided. Defendant additionally argues that the motion should be denied in the interests of economic and judicial efficiency. Defendant planned and implemented his discovery activities in preparation of a bench trial. Had plaintiff made a timely demand for jury trial, defendant would have structured pre-trial strategies in accordance. Moreover, defendant contends that plaintiff will not suffer prejudice by denying this motion, as the presiding district judge has extensive experience deciding issues similar to those in this case.

In this case, plaintiff failed to make a timely jury demand. Granting a jury trial may cause discernable prejudice to the defendant, as defendant, in reliance on a bench trial, did not depose plaintiff's employers or collect entire records. Defendant did not depose all of plaintiff's medical care providers on the expectation that the records could be authenticated and provided to the court rather than have multiple and costly depositions and live witnesses. To grant a jury trial at this stage in litigation would cause prejudice and expense to the defendant. The record

shows defendant's correspondence in October 2006 meant that plaintiff would need to file a motion. The actions of the plaintiff indicate mere inadvertence by failing to file a timely demand for jury trial and failure to file an earlier motion.

However, there may be circumstances which could obviate the prejudice to defendant with respect to his preparation strategies. These would include stipulating to admit business and medical records without need to call custodians and permit defendant alone to conduct additional discovery, take depositions of plaintiffs employees, and obtain additional records. At oral argument, plaintiff did not suggest these alternatives.

Since plaintiff has failed to timely file a demand for jury trial and plaintiff can receive this trial either by court or jury, and there is some prejudice to defendant, it is recommended that plaintiff's motion for jury trial be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

> s/Virginia M. Morgan
> Virginia M. Morgan
> United States Magistrate Judge

Dated: June 7, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 7, 2007.

> s/Jane Johnson
> Case Manager to
> Magistrate Judge Virginia M. Morgan