UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MATHIS,

    Plaintiff,

vs.

Case No. 06-13837
HON. GEORGE CARAM STEEH

ENCOMPASS INSURANCE COMPANY,

    Defendant.

_____/

## ORDER ACCEPTING JUNE 7, 2007 REPORT AND RECOMMENDATION (#29) AND DENYING PLAINTIFF'S MOTION TO FOR JURY TRIAL UNDER RULE 39(b) (#22),

Plaintiff Gregory Mathis initiated this action to recover underinsurance coverage from defendant Encompass Insurance Company as provided by the Michigan No-Fault Act. Plaintiff allegedly suffered injuries in a August 25, 2005 automobile accident. Plaintiff recovered from the tortfeasor's insurer, and now seeks additional compensation from defendant, who is his own insurer. The current issue before this Court is plaintiff's motion for a jury trial.

Plaintiff filed this lawsuit in state court on July 31, 2006, without filing a jury demand, and defendant removed the action to this Court on August 28, 2006. Upon removal, plaintiff did not file a jury trial demand pursuant to Fed. R. Civ. P. 38(b) (requiring a jury demand to be filed within 10 days of removal). At the first status conference on October 4, 2006, plaintiff's counsel expressed an interest in a jury trial, and this Court advised defendant's counsel to ascertain whether defendant would stipulate to a jury trial.

Attorneys for both parties exchanged correspondence on this issue, but did not come to a consensus. On March 27, 2007, defendant's counsel advised plaintiff's counsel that defendant would not stipulate to a jury trial. On May 1, 2007, after the discovery period had ended on April 4, 2007, plaintiff filed the instant motion arguing that Fed. R. Civ. Pro. 39(b) authorizes this Court to exercise broad discretion in ordering a jury trial, that the failure to file a timely jury demand here was due to inadvertence and an honest mistake, and that this Court should grant a jury trial in the present action.

This motion was referred to Magistrate Judge Virginia Morgan, who issued a June 7, 2007 Report and Recommendation recommending that the motion be denied. Magistrate Judge Morgan reasoned that granting a jury trial would cause some discernable prejudice to defendant, as defendant prepared and participated in discovery properly contemplating a bench trial. Magistrate Judge Morgan also took into consideration plaintiff's failure to timely demand a jury trial and the availability of a bench trial.

## **PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

As the motion for a jury trial is a non-dispositive motion, the appropriate review is under an abuse of discretion standard. Fed. R. Civ. Pro. 72(a); E.D. Mich. LR 7.1(d). "[N]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. Pro. 39(b).

In essence, plaintiff's only objection argues that Magistrate Judge Morgan abused her discretion in denying his motion for a jury trial under Rule 39(b). Plaintiff contends that defendant is unlikely to be prejudiced by a jury trial, and that the arguments against granting a jury trial, i.e., judicial economy and defendant's claim it pursued a different
2

strategy in discovery, in anticipation of a non-jury trial, were unconvincing.  For this argument, plaintiff relies on Fid. & Deposit Co. v. A Mac Sales & Builders Co., 2006 U.S. Dist. LEXIS 92228 (E.D. Mich. 2006) (finding that a different trial-preparation and discovery strategy, and the added cost of a jury trial do not prejudice the third-party defendant, and allowing third-party defendant additional time for discovery and dispositive motions). Plaintiff also contends that the Sixth Circuit liberally grants jury trials under Rule 39(b), unless there are compelling reasons why the motion should be denied.  See, e.g., Moody v. Pepsi Cola Metro. Bottling Col, 915 F.2d 201 (6th Cir. 1990) (finding no abuse of discretion when district court granted plaintiff's motion for a jury trial and allowed defendant additional time for discovery); Kitchen v. Chippewa Valley Schools, 825 F.2d 1004 (6th Cir. 1987) (finding no abuse of discretion when district court granted plaintiff's jury trial demand).

**Objection 1:**

Although the authorities plaintiff cites demonstrate that a court does not abuse its discretion when it grants a jury trial under similar circumstances, the authorities do not demonstrate that a court abuses its discretion when it fails to grant a jury trial under similar circumstances.  "Generally, a district court does not abuse its discretion by denying a 39(b) motion if the only justification for delay is 'mere inadvertence.'" Kitchen v. Chippewa Valley Schools, 825 F.2d 1013 (citations omitted).  Considering that there is "broad discretion in ruling on a Rule 39(b) motion," and that "[t]he burden placed on a party forced to change its strategy in order to accommodate a jury trial has been held to be enough to justify the denial of a Rule 39(b) motion," Magistrate Judge Morgan's denial of a jury trial is not "clearly erroneous or contrary to law."  Id.; Fed. R. Civ. P. 72(a).  The October 4, 2006

Scheduling Order expressly designated a "Non-Jury" trial. Plaintiff's counsel had ample opportunity to file the Rule 39(b) motion earlier than May 1, 2007. Plaintiff did not argue, either in his original motion for a jury trial under Rule 39(b), or during oral argument before Magistrate Judge Morgan, that an extension of discovery would avoid unduly prejudicing defendant's case. Given the fact that almost one year has elapsed since removal, the objections are unconvincing. Under the totality of the circumstances, it was within Magistrate Judge Morgan's discretion to deny plaintiff's motion for a jury trial.

## **CONCLUSION**

For the reasons set forth above, the Court hereby ACCEPTS and ADOPTS Magistrate Judge Morgan's Report and Recommendation as its findings and conclusions in this matter. Plaintiff's motion for jury trial pursuant to Rule 39(b) is hereby DENIED.

SO ORDERED.

Dated: August 2, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 2, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---