UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MATHIS,

        Plaintiff,

vs.

        Case No. 06-CV-13837
        HON. GEORGE CARAM STEEH

ENCOMPASS INSURANCE COMPANY,

        Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT (# 56) TO INCLUDE PENALTY PREJUDGMENT INTEREST UNDER M.C.L. § 500.2006(4) AND COMPENSATORY PREJUDGMENT INTEREST UNDER M.C.L. § 600.6013

Plaintiff Gregory Mathis moves to amend the January 29, 2008 judgment of $75,000.00 in favor of Mathis and against defendant Encompass Insurance Company to include prejudgment 12% penalty interest under M.C.L. § 500.2006(4) and compensatory interest under M.C.L. § 600.6013. A hearing on the motion was held on March 20, 2008.

Mathis was injured in an August 25, 2005 motor vehicle accident and received first party no-fault personal protection insurance (PIP) benefits from Encompass. Mathis also settled a third party claim against the at-fault driver for $100,000.00. Mathis then filed this contract action against Encompass for underinsured motorist insurance benefits available under M.C.L. § 500.3135 of Michigan's No-Fault Act. Encompass agreed under the insurance contract to pay Mathis compensatory damages he was legally entitled to recover from the at-fault driver under the No-Fault Act less any settlement amount.

The matter proceeded to a bench trial. The court found that Mathis was entitled to recover $75,000.00 in non-economic damages from Encompass (above the $100,000.00 settlement with the at-fault driver) based on serious impairments of body function Mathis

incurred in his lower extremities as a result of the August 25, 2005 motor vehicle accident, impairments which affected his general ability to lead his normal life. See M.C.L. § 500.3135(7); Kreiner v. Fischer, 471 Mich. 109, 130-32, 683 N.W.2d 611 (2004). The court also found that Mathis did not suffer serious impairments with respect to depression, cervical strain, or injuries to his right ulnar nerve and right wrist. Id.

At issue here is Mathis' claim for 12% prejudgment penalty interest under M.C.L. § 500.2006(4).

> (1) A person must pay on a timely basis to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant 12% interest, as provided in subsection (4), on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.
>
> \* \* \*
>
> (4) If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law. The interest shall be paid in addition to and at the time of payment of the loss. If the loss exceeds the limits of insurance coverage available, interest shall be payable based upon the limits of insurance coverage rather than the amount of the loss. If payment is offered by the insurer but is rejected by the claimant, and the claimant does not subsequently recover an amount in excess of the amount offered, interest is not due. Interest paid pursuant to this section shall be offset by any award of interest that is payable by the insurer pursuant to the award.

M.C.L. § 500.2006(1), (4). Mathis argues that he is entitled to 12% penalty interest under the first sentence of M.C.L. § 600.2006(4) as "an insured . . . entitled to benefits under the insured's contract of insurance," and that pursuant to Griswold Properties, L.L.C. v.

2

Lexington Ins. Co., 276 Mich. App. 551, 741 N.W.2d 549 (2007), app. denied, 480 Mich. 1044 (2008), he is entitled to 12% penalty interest on untimely payment irrespective of whether his claim was "reasonably in dispute."

Encompass counters that the second sentence of M.C.L. § 500.2006(4) is controlling because Mathis is "a third party tort claimant" in the sense that he recovered under M.C.L. § 500.3135 what he would have recovered in tort against the at-fault driver. Encompass maintains that Griswold Properties is inapplicable because its holding is limited to claims for "first party" benefits. Encompass continues that, under sentence two of M.C.L. § 500.2006(4), Mathis is required to show that his claim was "not reasonably in dispute" and that Encompass "refused payment in bad faith," showings that Encompass argues cannot be made. Encompass continues that, even if the first sentence of M.C.L. § 500.2006(4) applies, Mathis did not, as he asserts, submit "satisfactory proof of loss" to Encompass on December 19, 2005 by simply providing Encompass with medical records, given the complexity of proving a serious impairment of body function under M.C.L. § 500.3135(7) and Kreiner, supra. Encompass argues Mathis is instead entitled to compensatory interest under M.C.L. § 600.6013. In reply, Mathis argues he is entitled to both 12% penalty interest under the first sentence of M.C.L. § 600.2006(4) and compensatory interest under M.C.L. § 600.6013, the two not being mutually exclusive under the holding of Wood v. DAIIE, 413 Mich. 573, 589, 589n.17, 321 N.W.2d 653 (1982).

Sitting in diversity, the issue of prejudgment interest is decided by this court under Michigan law. See Rhea v. Massey-Ferguson, 767 F.3d 266, 270 (6th Cir. 1985). The Michigan Court of Appeals in Griswold Properties construed the statutory language of M.C.L. § 500.2006(4) and held that "a first-party insured is entitled to 12 percent penalty interest if a claim is not timely paid, irrespective of whether the claim is reasonably in dispute." Griswold Properties, 276 Mich. App. at 554. Interpreting M.C.L. § 500.2006, the

3

Griswold Properties court applied accepted principles of statutory construction, including that "[t]he Legislature is presumed to have intended the meaning it plainly expressed," and that "[a] court cannot read into a clear statute that which is not within the manifest intention of the Legislature as derived from the language of the statute itself." Id. at 564-565. Part of the reasoning supporting the holding in Griswold Properties was that:

> The "reasonably in dispute" language is found only in the second sentence, which expressly applies to third-party tort claimants. . . . . The first sentence of MCL 500.2006(4) speaks specifically to claims filed by first-party insureds, and the Legislature's omission of the "reasonably in dispute" language from that sentence must be construed as intentional.

Id. at 566. In Griswold Properties, all three of the plaintiffs insureds' claims for property damage benefits were made under their respective insurance contracts and initially denied by the insurers. Id. at 559-561.

Consistent with the reasoning in Griswold Properties, the Michigan Legislature plainly expressed in the language of M.C.L. § 500.2006(4) that "[i]f benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance." (emphasis added). It is not disputed that Mathis is Encompass's insured, and that Mathis filed a December 19, 2005 claim for underinsured motorist insurance benefits owing under his Encompass insurance contract. The fact that Encompass's contractual duty to pay benefits depended upon Mathis' ability to prove he would have recovered damages greater than $100,000.00 against the at-fault driver under M.C.L. § 500.3135 of Michigan's No-Fault Act had he continued to pursue a such a third party tort claim did not convert this action into a third party tort claim. Indeed, Encompass has insisted throughout these proceedings that Mathis' action is a contract action. To now find for purposes of assessing prejudgment interest that Mathis is a "third party tort

4

claimant" under M.C.L. § 500.2006(4) would require the court to improperly read into the clear statutory language that Mathis is not "the insured" or "an individual . . . directly entitled to benefits under the insured's contract of insurance." Griswold Properties, 276 Mich. App. at 564-565. Compton v. Morbitzer, No. 263928, 2005 WL 3078230, at *1 (Mich. Ct. App. Nov. 17, 2005), relied upon by Encompass, supports this court's reasoning, explaining that the Compton plaintiff-insured "sought to obtain uninsured motorist benefits under the pertinent policy [which provided] that the insurer would pay the sums the insured is 'legally entitled' to recover'" from an uninsured motorist under M.C.L. § 500.3135(1). Both here and in Compton, it is the contractual relationship under the insurance policy that "triggers" the insurer's liability under M.C.L. § 500.3135. Id.

Having determined that sentence one of M.C.L. § 500.2006(4) is controlling, Mathis is entitled to 12 percent penalty interest on proof that his claim was not timely paid within 60 days after "satisfactory proof of loss" was received by Encompass, irrespective of whether the claim was reasonably in dispute. Griswold Properties, 276 Mich. App. at 554. Mathis has proffered a December 19, 2005 letter from Mathis' Counsel to Encompass's Jay Kachur explaining that Kachur advised earlier that he would "be handling the above underinsured motorist claim," claim number P1197800, and providing Kachur with extensive medical files and records. Plaintiff's Exhibit B.

Encompass's argument that the December 19, 2005 materials did not constitute "satisfactory proof of loss" given the complexity of proving a serious impairment of body function under the No-Fault Act goes to the irrelevant issue of whether Mathis' claim was "reasonably in dispute," not to whether Mathis submitted "satisfactory proof of loss" as a formal claim for insurance benefits. The concepts of a claim "reasonably in dispute" and "satisfactory proof of loss" are separate and distinct for purposes of M.C.L. § 500.2006(4). Medley v. Canady, 126 Mich. App. 739, 743, 337 N.W.2d 909 (1983) (setting out four

elements of M.C.L. § 500.2006(4)). A claim of loss consists of notice to the insurer of an accident, injury, and a demand for payment under the insurance contract. Id. at 744. After receipt of such a "claim," the insurer has 30 days to "specify in writing the materials which constitute a satisfactory proof of loss," else the M.C.L. § 500.2006(4) "satisfactory proof of loss" requirement is excused. Id. at 745 (citing M.C.L. § 500.2006(3)). Mathis's December 19, 2005 letter to Encompass is not argued to be insufficient to file an insurance claim, and indeed, the letter reflects that Mathis had already been assigned claim number P1197800 as of December 19, 2005. Encompass does not argue or proffer evidence that it specified in writing to Mathis on or before January 19, 2006 what would constitute "satisfactory proof of loss" beyond what was submitted on December 19, 2005. Encompass's argument that Mathis did not provide "satisfactory proof of loss" because his legal claims remained in dispute through trial is without merit. Irrespective of whether the accepted "proof of loss" was also in reasonable dispute on December 19, 2005, Mathis is entitled to 12% penalty interest beginning 60 days later, from February 17, 2006 until entry of judgment on January 29, 2008. M.C.L. § 500.2006(4); Griswold Properties, 276 Mich. App. at 554.

Mathis is also entitled to compensatory interest under M.C.L. § 600.6013 in that penalty interest and compensatory interest are not mutually exclusive. See Wood, 413 Mich. at 589, 589 n.17. As explained by the Michigan Supreme Court, 12 percent interest rates are "intended to penalize the recalcitrant insurer," while general pre-judgment interest rates are intended "to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages." Id at 589 n.17 (emphasis deleted). M.C.L. § 500.2006(4) is unquestionably a penalty interest statute, and M.C.L. § 600.6013 is clearly a compensatory interest statute. The Michigan Legislature expressed its intent to award penalty interest to first party insured's such as Mathis under M.C.L. § 500.2006(4), irrespective of whether their claim was reasonably in dispute, for the purpose

6

of penalizing insurers who delay in paying first party insurance benefit claims, even in contract disputes that remain complex. As discussed at the hearing, the Michigan Legislature adopted its public policy with the enactment of M.C.L. § 500.2006(4).

Following the March 20, 2008 hearing, and at the court's request, Counsel for Mathis submitted supplemental interest calculations through March 20, 2008 (# 65). Absent objection, the court adopts these calculations. As of March 20, 2008, Mathis was entitled to $20,100.70 in penalty interest under M.C.L. § 500.2006(4), and $7,176.67 in compensatory interest under M.C.L. § 600.6013, for a total of $27,277.37. Accordingly,

Plaintiff Gregory Mathis' motion to amend judgment to include prejudgment 12% penalty interest under M.C.L. § 500.2006(4) and compensatory interest under M.C.L. § 600.6013 is hereby GRANTED. The parties have previously stipulated to $779.50 in taxable costs. The January 29, 2008 Judgment will be amended accordingly to reflect a final judgment amount of $103,056.87 as of March 30, 2008.

SO ORDERED.

Dated: April 3, 2008

                                                      s/George Caram Steeh
                                                      GEORGE CARAM STEEH
                                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 3, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk